IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID CREEL | § | |
| VS. | § | CIVIL ACTION NO. 9:24cv17 |
| SHELBY COUNTY JAIL | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff David Creel, an inmate confined at the Shelby County Jail, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the Shelby County Jail.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Factual Background

On October 17, 2023, plaintiff claims he broke his hand while defending himself against inmate Raven Cashion at the Shelby County Jail. Plaintiff complains that prior complaints had been made with requests to remove him from the same cell as Cashion, and Cashion himself had allegedly told a jailer that he had plans to attack plaintiff.

Next, plaintiff complains that jail staff refused to take him to the emergency room for x-rays until the next day, and corrective surgery was put off until November 10. By that time, however, plaintiff claims the damage was irreversible.

Finally, plaintiff complains that inmate Cashion has been allowed to further harass him during his recovery despite being on a "no contact list." Plaintiff seeks monetary damages from the Shelby County Jail for his pain and suffering.

## Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).   A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992).  A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33.  Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios.  A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible.  Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably

to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

## Analysis

### *Jural Authority*

Plaintiff has named the Shelby County Jail as the defendant in this action. A plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The capacity of an entity, such as a police department or a county jail, to sue or to be sued is "determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b); *Darby*, 939 F.2d at 313. Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued. *Id.*; *Pantoja v. Dallas County Jail*, 2001 WL 1343437 (N.D. Tex. Oct. 31, 2001) (concluding neither the Dallas County Jail, nor its medical staff and medical department are separate legal entities subject to suit).

The plaintiff has the burden of showing that the city or county department has the capacity to be sued. *Darby*, 939 F.2d at 314. Plaintiff, however, has failed to allege or demonstrate that the defendant in this action is a separate legal entity having jural authority with the capacity to be sued. Accordingly, plaintiff's claims should be dismissed as frivolous and for failing to state a claim upon which relief may be granted. Alternatively, plaintiff's complaint, interpreted liberally, is construed as a claim against Shelby County. For the reasons set forth below, however, plaintiff's claims are without merit even if asserted against Shelby County.

### *Municipal Liability*

Plaintiff named the Shelby County Jail as the defendant in this lawsuit. Even assuming, *arguendo*, plaintiff's complaint is liberally construed to assert a cause of action against Shelby County, plaintiff's claims should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

In order to state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a constitutionally or federally protected right, privilege or immunity by a person acting under color of state law. Traditionally, municipalities, such as Shelby County, were not considered to be "persons" acting under color of state law. *See Monroe v. Pape,* 365 U.S. 167 (1961). However, in *Monell v. Department of Social Services,* 436 U.S. 658 (1978), the Supreme Court held that municipalities could be held liable for monetary, declaratory, and injunctive relief in § 1983 proceedings so long as the action that is alleged to be unconstitutional implements or executes an official municipal policy. Such a policy may include "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).

A governmental unit cannot be held liable for the acts of its employees solely on a theory of respondeat superior. *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986); *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985); *Monell*, 436 U.S. 658. A municipality can be found liable under Section 1983 only for a deprivation of a federally protected constitutional or statutory right that is inflicted pursuant to "official policy or custom." *Monell*, 436 U.S. at 690-91. Plaintiff's factual allegations are not sufficient to raise his right to relief above the speculative level. Accordingly, plaintiff's claims against Shelby County are frivolous and fail to state a claim upon which relief may be granted.

## Recommendation

The above-styled civil rights action should be dismissed pursuant to 28 U.S.C. §1915(e).

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 24th day of January, 2024.

_____
Zack Hawthorn
United States Magistrate Judge